AO 472 (Rev. 3/86) Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

CASE NO: 09-20006-02

v

BRADLEY RIGG
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

(2) The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues that

the presumption in favor of detention applies.  I find that the Government is correct in this argument as the Defendant faces more than 10 years' potential custody for violations of the Controlled Substances Act.  Thus, I must next consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection 3142(g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically cocaine and marijuana.  I find that from the grand jury having returned an Indictment there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 31 years of age, is married and has two children.  The Defendant is also the father of another child, and that child resides with his mother.  With the exception of two years during which Defendant lived in Birch Run, Michigan, he is a lifelong resident of Bay City, Michigan.  He has been employed as a laborer at a tanning equipment business in Saginaw, Michigan, for the last seven months.  He has also worked at various restaurant jobs in the Bay City area.  Defendant conceded to Pretrial Services that he has been using marijuana for the last 15 years and has used cocaine for the last eight years.  Preliminary urinalysis conducted by Pretrial Services yielded a positive result for marijuana.

Defendant's criminal history indicates that in 1996 he pled guilty to misdemeanor larceny.  He was sentenced to a brief period of jail and fines.  Approximately six months later, Defendant was charged with a number of offenses, but was found guilty of contributing to the delinquency of a minor.  He was sentenced to a fine.  In 1996, Defendant pled guilty to misdemeanor retail fraud and received two weeks' incarceration.  Approximately one year later, Defendant was charged with and pled guilty to a conspiracy involving receiving and concealing misdemeanor-level stolen property.  He was sentenced to 30 days in jail and a fine.  In October 1998, Defendant was charged with and pled guilty to retail fraud first-degree

2

in Midland County. He was given 30 days' incarceration, fines and a probationary sentence of 24 months.

The Government points to additional criminal history subsequent to the Midland County conviction which is not reflected in the Pretrial Services report and which the Government maintains is corroborated by records of the Bay County courts and the Bay County Prosecutor. In 2001, while on probation from the Midland County offense, Defendant was charged with delivery of marijuana and pled guilty to attempted delivery of marijuana. He was placed on probation. That probation was later violated. In February 2006, the Defendant was charged with drug and traffic offenses. In September 2006, Defendant pled guilty to a marijuana charge as well as driving while license suspended and driving while impaired. He also pled guilty to probation violation. The Government represents that Bay County records also indicate that in July 2007, Defendant was expected to report for service of a jail sentence. He failed to report, and a bench warrant was issued. Finally, in October 2007, he appeared with counsel and served 93 days' incarceration as well as an additional 10 days' consecutive incarceration for contempt of court.

The Government also makes a series of representations with regard to the underlying offense conduct in this case. I note that the Bail Reform Act makes explicit that Defendant enjoys the presumption of innocence at this stage, and that the representations proffered by the government bear only on the question of bond and have no impact on whether Defendant is ultimately innocent or guilty of the charges brought against him in the Indictment. The Government represents that a wiretap was obtained specifically as to this Defendant and lasted for one month. During that period, the Government asserts that conversations representing at least 150 purchases and sales of controlled substances were intercepted.

The Government next represents that a search warrant for Defendant's residence was executed June 18, 2008, and that the search yielded two pounds of marijuana, scales and

ledgers, which the Government represents explicitly set forth purchases and sales of controlled substances. The Government further represents that during the execution of the search warrant, Defendant consented to an interview during which he acknowledged his involvement in drug trafficking; that he was a drug dealer selling one to two pounds of controlled substances per week, and that he had been doing so for approximately four years. He allegedly admitted that, more recently, he had been dealing as much as five to six pounds a week in controlled substances.

The defense proffers that Defendant is a candidate for bond, noting his ties to the community, his consistent residence in this area and the support of his family. Defense counsel represents that his family is willing and ready to act to assure Defendant's compliance with any bond conditions I would find appropriate. While Defendant's family may be supportive, I cannot ignore the fact that they have, particularly in more recent years, been unable to insure his compliance with probation requirements of state courts in cases much less severe than the charges presently facing him. Consequently, I am forced to decline defense counsel's invitation. As I consider the facts presented on this record, including Defendant's consistent failure to abide by conditions of probation in cases much less severe than these pending charges, coupled with the tangible results of the search of Defendant's residence, I find that the presumption in favor of detention has not been rebutted on the evidence presented. I further find that, even if it had, there are no conditions nor any combination of conditions which I could set under the bail Reform Act which would reasonably assure the safety of the community or Defendant's appearance as required.

In making this finding, I note that at least seven circuits and a number of district courts have all held that continued drug dealing, such as that evidenced by the Government's representations, constitutes *per se* danger to the community. See *United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985);

*United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81 (2nd Cir. 1985); *United States v. Webb*, No. 00-6368, 2000 WL 1721060, * 1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, No. 96-20058, 1996 WL 167512, *2 (5th Cir. Mar. 15, 1996); *United States v. Arroyo-Reyes*, No. 94-1535, 1994 WL 440654, *3 (1st Cir. Aug. 15, 1994); *United States v. Pena-Ruiz*, 532 F. Supp. 2d 367, 369 (D. Puerto Rico 2008); *United States v. Thomas*, No. 2008-0020, 2008 WL 2557997, *4 (D. Vir. Isl. June 23, 2008); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, *4 (D. Puerto Rico Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).

Therefore, the Government's motion to detain is granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                           s/ Charles E Binder
                                           CHARLES E. BINDER
Dated: January 28, 2009                   United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller, Craig Wininger and Rod O'Farrell, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.


Date: January 28, 2009                 By     s/Jean L. Broucek
                                                                Case Manager to Magistrate Judge Binder